UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID L. UNDERWOOD,**
       **Plaintiff**

**v.**                  Civil Action No.
                     3:06CV38-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
       **Defendant**

### MEMORANDUM OPINION

  This case presents plaintiff David Underwood's challenge to the decision of the Commissioner denying his claim to disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision should be vacated and the matter remanded for further proceedings.

  Mr. Underwood filed his application in October of 2003, claiming that he had been unable to engage in any substantial gainful employment since July of 2000. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Underwood's chronic neck and low back pain was a severe impairment that prevented him from performing his past relevant work, and that he had no transferable skills from any past relevant work. However, the ALJ further found that Mr. Underwood retained the residual functional capacity to perform a restricted range of light work that exists in significant numbers.

  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Underwood contends that it is not possible to determine whether substantial evidence supports the ALJ's decision because the ALJ committed an error of law in evaluating the credibility of Mr. Underwood's testimony regarding his pain and functional limitation. While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d

2

461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

The ALJ agreed that Mr. Underwood had demonstrated the existence of a medical condition that has required medical treatment, but further stated, "The record, however, does not support the claimant's testimony regarding the intensity and persistence of his symptoms, which he alleges are disabling." Tr. 20. The ALJ noted that Mr. Underwood was a "tanned, thin man," that he drives and takes care of his personal needs, that he "mows 3 acres regularly with a riding lawn mower," that he "still goes hunting, but he sits in the truck," and "he still bowls, but his score is not as high as it used to be.

Mr. Underwood argues that the ALJ misunderstood his testimony. Mr. Underwood testified that he could use the riding mower for "a couple hours then I take a couple days. I just

3

don't mow very long a time." Tr. 349.  Asked about his liking to bowl and to hunt, Mr. Underwood replied, "Yeah, used to.  I don't know more." Tr. 349.

      The Court agrees with plaintiff that the ALJ appears to have misheard the testimony.  It would constitute pure speculation to try to guess at how the ALJ might have evaluated Mr. Underwood's testimony had he understood it correctly.  As this case revolves on the issue of pain, the matter of the credibility of the claimant's testimony about that pain is of great significance.  Accordingly, it is necessary to remand this matter for further proceedings.

      An order in conformity has this day entered.